Opinion of- the Court,
j..J3o¥i,E.
Harrison presented his pctition-'topajeircuit judge, alleging that'-thte.Ih’esident and Dfe&ctor-s of the Farmers ancL-MéchaMes’ Rank of Loga’ojhad brought suit and,,K0Cé>¥e'réd á .judgment against him, on the 7th one^at tke timeAhe judgment 4afeWnl%r®§pSnd no .]?.• _+„ a„ ÍV- , , . .. 0 , , .... guardián appointed to defend for' him?. a’htPhe for and o'ftt-ájned' an order for. a .writ of error with, sn-persededfM A writ of error was issued-, to the execution, and SSf-td-the judgment. At ¿the term .to which writ wa# returnable, Harrison assigned for error, thalr he was an infant under the age of twenty-one years, at the time of the rendition of the judgment against him;, and the defendants in error pleaded, that he. was not an infant under the age of twenty-one years, when judgment was rendered against him. A jury was thereupon empannelled to try the issue, and found by their-verdict, that Harrison “ was not an infant under the age of twenty-one years, on the 7th of August 1819.,T' Whereupon the court gave judgment, dismissing the writ of error with costs and ten per centum damage's;, and from that judgment Harrison has prosecuted this appeal.
Most of the errors assigned, question .the sufficiency of the pleadings, and of the' verdict of tt^pgiiry, Jsp^ause they relate to an error in the judgmená;:$febefo|ás-the writ of error is-to the execution, and. not tó.tjbe'^judgment. All this is very true;. but surely it does not foEfc -' low, as was urged by the counsel for I-Jan&sn, that 'a. rep-leader should be awarded. If- there be&any fault attributable to either party, i$íno# making The pledd— iri’gs to correspond* with thejvrit of error, it-1 properly-■bfejongs' to Rawwon, fifehe defendants in error; for thi^^Pwg, by.assigning the error-ito 'ttiMBSaMB&l; atídilPIr piija is-i%rictly .responáive to-the. - p'f' by-.<hS&-s ,IfSjthe -pleadings,. *276 therefore, be immaterial, it was occasioned'by his fault,- and it is an established rule,' that a repleader is never awarded at the instance of him who has committed the fault. But, were a repleadcr to be awarded, it could only he for .the purpose of permiíüng Harrison to assign error in the execution, to which alone the writ of error relates; but there is no execution exhibited in the record, arid if there be one issued, we must presume, unless the contrary appeared, that there is no error in it; and it would be absurd, therefore, to award a rc-pleader, that he might assign error in that.in'which the court are bound, to presume tfiefe is no errdr.y’The truth is, that agfl^e writ of error coram, yobis, either by the mistake of the clerk, or from some other cause, was issued $^the execution, and not to the judgment, the issue and verdict of the jury had no relation to the suit that was depending, and should be utterly disregarded. The writ of error, therefore, must be considered as be-:-jng sued out without any assignment of error in the execution to which it wras brought, and for want of an assignment of error, the circuit court was undoubtedly correct in dismissing the writ of error.
The only other question, then, is, whether that court was correct in’awarding ten per centum damages, on dismissing the writ of error. To this question, the 6th section of the act of 1802 concerning writs of error co-ram vobis, is a sufficient answer; for it explicitly requires the plaintiff in error to pay ten per centum damages upcm any writ of error with supersedeas, issued either from the court of appeals or any other court, as well wheie the writ of error is dismissed or discontinued, as where the judgment or decree is affirmed. % Dig. L. K. 12S8.
The judgment must be affirmed with costs and damages upon the damages.